Congressman Edward I. KOCH et al.,
Plaintiffs,

v.

DEPARTMENT OF JUSTICE et al.,
Defendants.

Civ. A. No. 2140–73.

United States District Court,
District of Columbia.

May 3, 1974.

Supplemental Memorandum May 15, 1974.

Supplemental Memorandum on Motion to Amend and Clarify May 21, 1974.

Larry P. Ellsworth, Alan B. Morrison, Washington, D. C., for plaintiffs.

Paul M. Tschirhart, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Three Congressmen brought this action under the Freedom of Information Act, 5 U.S.C. § 552, seeking access to all records, files, dossiers and other information pertaining to themselves maintained by the Federal Bureau of Investigation. After considerable negotiation, defendants produced most of the material requested. They have now moved for summary judgment, contending that all of the documents not yet produced are exempt from disclosure under the terms of the Act.

The parties have engaged in pretrial discovery and have presented oral argument on the issues raised by defendants' motion. In its answers to plaintiffs' interrogatories, the Bureau submitted an index of the documents still withheld, which provides an adequate basis, in conjunction with the other papers in the record, for resolution of a substantial portion of this controversy. Vaughn v. Rosen, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973), cert. denied 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873, 42 U.S.L.W. 3523 (1974).

Two types of F.B.I. files are at issue. The Bureau presently maintains four separate background files on Congressman Bingham, which were compiled during investigations into his eligibility for certain high government posts. Such employment checks are routine, fully authorized, and essential to the maintenance of integrity in government service. *See, e. g.,* 5 U.S.C. §§ 1303(2) and 1304(b)(c), (d), (f); Executive Order 9835, 3 C.F.R., 627 (Comp. 1943–48);

Executive Order 10450, 3 C.F.R. 936 (Comp. 1949–53). These files are being withheld in their entirety.

In addition, the Bureau keeps a single "correspondence file" on each of the three plaintiffs. These are catch-all files, containing copies of all correspondence between the subject Congressman and the F.B.I., a brief biography of that Congressman, various internal memoranda written by Bureau personnel, and complaints and comments from private citizens. The correspondence has been fully disclosed, but the biographies and all other memoranda are still being withheld. The Bureau is also withholding at least two items concerning third parties: a letter written to the Bureau by a private citizen and a report by an F.B.I. agent describing another citizen's comments, both dealing with Congressman Koch.

The four employment files on Congressman Bingham constitute "investigatory files compiled for law enforcement purposes" within the seventh exemption to the Freedom of Information Act, 5 U.S.C. § 552(b)(7), in that they are maintained in aid of investigations into the possibility that applicants for government service have engaged in criminal activity or other conduct which would disqualify them from such employment. *See* Weisberg v. Dept. of Justice, 489 F.2d 1195 (D.C.Cir. 1973); Aspin v. Dept. of Defense, 491 F.2d 24 (D.C.Cir. 1973). Plaintiffs' narrower interpretation of that exemption is unjustified, since it would require disclosure of highly confidential information supplied to Bureau investigators. In order to insure such confidentiality, F.B.I. files may be withheld if law enforcement was a significant aspect of the investigation for which they were compiled, *cf.* Getman v. N. L. R. B., 146 U.S.App.D.C. 209, 450 F.2d 670, 673 (1971); K. Davis, The Information Act: A Preliminary Analysis, 34 U.Chi.L.Rev. 761, 800 (1967), and this is true even if the laws being enforced were regulatory rather than criminal in nature. Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act, 34 (1967) (file compiled by I.N.S. during investigation of alien's application for adjustment of status said to fall within seventh exemption). *See also* H.Rep.No.1497, 89th Cong., 2d Sess. 11 (1966); K. Davis, *supra,* at 799–800. These principles are not vitiated by the fact that the Bingham files were compiled more than ten years ago and have never led to enforcement proceedings, for the Court may only look to the Bureau's intentions at the time of compilation. Weisberg v. Dept. of Justice, *supra,* at 1198. Even inactive investigatory files may have to be kept confidential in order to convince citizens that they may safely confide in law enforcement officials. Aspin v. Dept. of Defense, *supra,* at 28–30; Frankel v. S. E. C., 460 F.2d 813, 817 (2d Cir.), cert. denied, 409 U.S. 889, 93 S.Ct. 125, 34 L.Ed.2d 146 (1972). These considerations apply with equal force to confidential information supplied by the person actually under investigation, since a finding by the Court that a Congressman may see his employment investigation file would necessarily mean that any other citizen could see it as well. Soucie v. David, 145 U.S.App.D.C. 144, 448 F.2d 1067, 1077 (1971); Wine Hobby, U. S. A., Inc. v. U. S. Bureau of Alcohol, etc., 363 F.Supp. 231, 236 (E.D. Pa.1973).

The correspondence files present a more difficult problem, because the documents within them have not been segregated according to use. The Bureau seeks, somewhat belatedly, to shield all of the material in these files under the seventh exemption, but there is no indication that the files (as opposed to particular documents within them) were maintained for investigatory purposes. The Court must therefore examine the individual documents themselves, a task which could have been avoided had the Bureau clearly segregated investigatory material from other documents, as contemplated by the Freedom of Information Act. Weisberg v. Dept. of Justice, *supra,* at 1198.

316

■ It is readily apparent that the third-party communications, including the letter and report concerning Congressman Koch, were in fact filed for law enforcement purposes. Police agencies must depend upon reports from private citizens concerning suspected illegal activity, and the collection of such communications is an entirely legitimate law enforcement function.

■ The biographies and other internal memoranda in the correspondence files, on the other hand, cannot be classified as investigatory material because defendants have made no attempt whatever to indicate which, if any, of them "relate to anything that can fairly be characterized as an enforcement proceeding." Aspin v. Dept. of Defense, *supra,* at 27. Such documents, for example, might be maintained solely for public and congressional relations purposes or could be concerned solely with Bureau hiring policy or other organizational matters raised by an inquiring Congressman. Nor have defendants shown that any of these documents are deliberative rather than factual in nature, a prerequisite to confidentiality under the fifth exemption covering intra-agency memoranda. 5 U.S.C. § 552 (b)(5); Montrose Chemical Corp. of Calif. v. Train, 491 F.2d 63 (D.C.Cir. 1974). These issues can only be resolved after an examination by the Court, *in camera,* of all material not otherwise exempted under this Order. Vaughn v. Rosen, *supra,* at 827.

It is therefore

Ordered that defendants' motion for summary judgment is granted as to the four employment files on Congressman Bingham and all third-party communications to the F.B.I. concerning the plaintiffs, and it is further

Ordered that all other material still in dispute shall be submitted promptly to the Court for its *in camera* inspection, and it is further

Ordered that defendants' motion for summary judgment as to such other material shall be held in abeyance pending the Court's inspection, and it is further

Ordered that no further discovery shall be conducted in this action until complete resolution of defendants' motion for summary judgment.

### SUPPLEMENTAL MEMORANDUM

This action was brought by three Congressmen under the Freedom of Information Act, 5 U.S.C. § 552(b)(5), seeking production of all records, files, dossiers, and other information pertaining to themselves maintained by the Federal Bureau of Investigation. Defendants produced some of the requested material and moved for summary judgment as to all of the documents still withheld. After consideration of the thorough briefs and oral arguments presented by all parties, the Court granted defendants' motion for summary judgment in part, permitting the Bureau to withhold its employment investigation files and third-party communications. Defendants' motion with respect to the rest of the requested documents was held in abeyance pending the Court's *in camera* inspection of that material, in accordance with the procedure suggested by Vaughn v. Rosen, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973), cert. denied 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873, 42 U.S. L.W. 3523 (1974).

The Court has now examined these documents carefully and concludes that most of them may be withheld under the fifth exemption to the Freedom of Information Act's disclosure requirement, which covers "intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. . . ." 5 U.S.C. § 552(b)(5). This material consists entirely of internal memoranda written by Bureau personnel and addressed to the Director or a member of his immediate staff. Most of these documents report on an occurrence in Congress or an inquiry by a particular Congressman and recommend a course of action to deal with that event or request. They concern the appropri-

ate Bureau response to such diverse issues as a request for comment on pending legislation, requests for information, press criticism, and even such minor matters as a congressional luncheon invitation. It is apparently the regular practice of the Bureau staff to make formal, written recommendations on all contacts with Congressmen, however trivial.

Most of these memoranda contain factual summaries as well as policy recommendations, and some are purely analytical, concluding with the notation that the document is submitted "for information" rather than for consideration of a recommended course of action. In either case, the Bureau staff almost uniformly includes within its memoranda a "background" description of the Congressmen involved, setting forth some information in the Bureau's possession concerning past affiliations of the Congressmen and their families and the Congressmen's contacts with and attitudes toward the F.B.I. With regard to the three plaintiff Congressmen, the background emphasis is upon their involvement in liberal or controversial causes. A few of the documents in question consist solely of such biographical material, compiled to assist the Director and his staff in evaluating Congressmen who have made specific requests of the Bureau or who sit on committees considering legislation in which the Bureau has an interest. The Court cannot determine whether this information is accurate, but it appears to be highly selective in nature, compiled not as objective or comprehensive biographical data but rather intended briefly to acquaint the Director and his staff with those aspects of a Congressman's life and career that are perceived to be of the most immediate concern—and which, of course, would support any recommendations included in the memoranda or contemplated for the future.

■ After examining each of these documents individually, the Court concludes that three of them are wholly free of deliberative, policy considerations. They briefly recount recent contacts with Congressman Koch for purely informational purposes. Consequently, they do not fall within the fifth exemption and must be disclosed.

■ All of the other documents at issue may be withheld as "internal working papers in which opinions are expressed and policies formulated and recommended." Ackerly v. Ley, 137 U.S. App.D.C. 133, 138, 420 F.2d 1336, 1341 (1969). Such factual information as is contained in these documents is inextricably intertwined with the policy-making process, in that the very choice of facts reveals the concerns of the agency and the deliberations of staff personnel. Montrose Chemical Corp. of Calif. v. Train, 491 F.2d 63 (D.C.Cir. 1974); Soucie v. David, 145 U.S.App.D.C. 144, 154–155, 448 F.2d 1067, 1077–1078 (1971). This is true even of those few memoranda which contain no specific recommendations, since these internal papers also reflect the concerns and mental processes of the staff in developing the Bureau's continuing policy in its relations with Congress on matters of immediate concern to the Bureau. Virtually all of the factual material in these documents is already known to the plaintiffs in any case, so that the only purpose to be served by disclosure would be to reveal which facts were deemed significant by the Bureau—and that is precisely the kind of information that Congress intended to protect under the fifth exemption to the Freedom of Information Act. Montrose Chemical Corp. of Calif. v. Train, *supra,* at 70–71. It is, moreover, quite apparent that Congress never contemplated the release of such documents to the public at large.

On the basis of these findings of fact and conclusions of law, it is hereby

Ordered that defendants promptly produce and make available to plaintiffs for inspection and copying the following three documents submitted to the Court: the memorandum from Mr. Brownfield

to Mr. Jenkins dated 3/5/73, the memorandum from Mr. Bowers to the Director dated 9/11/73, and the memorandum from Mr. Bowers to Mr. Franck dated 10/30/73; and it is further

Ordered that all other documents submitted *in camera* be sealed and that defendants may withhold such documents from disclosure as exempt under 5 U.S. C. § 552(b)(5); and it is further

Ordered that defendants' motion for summary judgment is granted to the extent set forth above, and otherwise denied.

## SUPPLEMENTAL MEMORANDUM ON MOTION TO AMEND AND CLARIFY

The Court has considered plaintiffs' unopposed motion to amend and clarify its Memorandum and Order of May 3, 1974, and in response thereto submits the following Supplemental Memorandum.

The Court has held that all communications to the Federal Bureau of Investigation by private citizens concerning the character or conduct of third persons are shielded from public disclosure by 5 U.S.C. § 552(b)(7), in that, collectively, they form a vital source of information which may lead to the detection and prosecution of criminal offenses. The Court did not find that any of the particular communications at issue in this case actually contain allegations of criminal conduct on the part of any of the plaintiffs, nor has it even read those documents *in camera* to make such a determination. The Court's decision was based upon the apparent investigatory nature of the *files*, rather than of the individual documents within them, in accordance with Weisberg v. Dept. of Justice, 489 F.2d 1195 (D.C.Cir. 1973).

Plaintiffs' motion for amendment and clarification is granted to the extent set forth above.

So ordered.