165 N.J. Super. 540 (1979)
398 A.2d 912
RIVER EDGE SAVINGS AND LOAN ASSOCIATION, PLAINTIFF-RESPONDENT,
v.
WILLIAM F. HYLAND, ATTORNEY GENERAL OF NEW JERSEY; DONALD J. FAY, DEPUTY ATTORNEY GENERAL OF THE STATE OF NEW JERSEY; AND JOHN JONES (NAME BEING FICTITIOUS AND UNKNOWN), DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 27, 1978.
Decided January 29, 1979.
*542 Before Judges ALLCORN, SEIDMAN and BOTTER.
Ms. Susan W. Sciacca, Deputy Attorney General, argued the cause for appellants (Mr. John J. Degnan, Attorney General, *543 attorney; Mr. Steven B. Sacharow, Deputy Attorney General, of counsel and on the brief).
Mr. Jerome M. Lane argued the cause for the respondent (Messrs. Liebowitz, Krafte & Liebowitz, attorneys).
The opinion of the court was delivered by ALLCORN, P.J.A.D.
A review of the entire record leaves us with the firm conviction that neither the original complaint nor the amended complaint filed by plaintiff in this action sets forth a cause of action warranting relief against the designated defendant state officials. Consequently, the motion of the state officials to dismiss the complaint as to them should have been granted and the motion of plaintiff to file an amended complaint should have been denied insofar as concerns the counts directed against the said state officials.
In essence, the action against the state officials seeks discovery  although the amended complaint has added a demand for conpensatory damages, as well as punitive damages. The discovery sought by plaintiff concerns (1) the identity (name and address) of an informer who communicated with the officials; (2) copies of all written communications received by them from the informer relating to plaintiff; (3) a statement of the content of all oral communications received by them from the informer relating to plaintiff; (4) copies of all investigation material obtained by the officials prior to "the Grand Jury investigation of plaintiff" and (5) a transcript of the "proceedings before the New Jersey Grand Jury which investigated the false charges against the plaintiff."
The receipt by appropriate law enforcement officials of information concerning the existence or occurrence of criminal activities is critical to the uncovering and the prosecution of criminal offenses, and is thus crucial to effective law enforcement. In order that the flow of such information be not impeded or cut off, the law has long treated the information as confidential and privileged against *544 disclosure, thereby protecting witness security, the State's relationship with its informants and witnesses, and other confidential relationships, among other things. Cashen v. Spann, 66 N.J. 541 (1975), cert. den. 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975); see also, Nero v. Hyland, 76 N.J. 213 (1978). The confidentiality extends as well to other materials such as investigative reports and, of necessity, it carries over to proceedings before the grand jury. R. 3:6-7; U.S. v. Proctor & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); Doe v. Klein, 143 N.J. Super. 134 (App. Div. 1976).
The privilege is not absolute, however. And where there are present considerations of fundamental fairness or other considerations of a compelling nature such as outweigh the imperative of the interests of the State in protecting and maintaining the confidentiality of the information, an exception is made and disclosure may be had. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and State v. Oliver, 50 N.J. 39 (1967), involving the identities of informers. Indeed, today the manifestly vital interests of a defendant in a criminal prosecution are recognized as entitling him to broad discovery in most areas. R. 3:13-3.
The test in civil cases is the same as that utilized in criminal cases, except that in civil cases in applying the test the interests of the State in maintaining confidentiality "are entitled to a greater degree of respect." Cashen v. Spann, 66 N.J. 541, 556 (1975), cert. den. 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975). Compare Viruet v. Sylvester, 131 N.J. Super. 599 (App. Div. 1975), certif. den. 68 N.J. 138 (1975); Lakewood Trust Co. v. Fidelity and Deposit Co., 81 N.J. Super. 329 (Law Div. 1963).
Under the circumstances here present we discern no compelling need and we can conceive of no compelling need on the part of plaintiff which would outweigh the possible harm to the interests of the State were disclosure of these various matters to be made. Cashen v. Spann, 77 N.J. 138 *545 (1978). The fact that no criminal or other charges resulted from the State's investigation of this matter is not at all of significance on the issue. For, "even inactive investigatory files may have to be kept confidential in order to convince citizens that they may safely confide in law enforcement officials." Koch v. Department of Justice, 376 F. Supp. 313, 315 (D.C.D.C. 1974).
The plaintiff, nevertheless, urges that it is entitled to the said information by virtue of the provisions of N.J.S.A. 47:1A-1 et seq. That statute applies solely to "records which are required by law to be made, maintained or kept on file." N.J.S.A. 47:1A-2. Counsel has not supplied, and research by the court has failed to disclose, any law which requires the making, maintaining or keeping on file the results of an investigation by a law enforcement official or agency into the alleged commission of a criminal offense. Nero v. Hyland, 76 N.J. 213 (1978).
The addition to the amended complaint of a demand for damages against the state officials likewise avails plaintiff nothing. Without any substantive basis there is no cause of action upon which claims for damages may properly be rested. There is absent here any claim of actual fraud, actual malice or willful misconduct on the part of the state officials. In fact, on the oral argument counsel for plaintiff expressly disclaimed any charge of fraud, malice or willful misconduct on the part of defendant state officials. Thus, no action for damages would lie against either of said officials under the provisions of the Tort Claims Act. N.J.S.A. 59:3-3, 59:3-8, 59:3-14.
In light of the foregoing the order appealed from is reversed; the cause is remanded to the Chancery Division with directions to enter an order dismissing the complaint and the amended complaint of the plaintiff as against the Attorney General and the Deputy Attorney General, with prejudice.