John L. FRANK, Plaintiff,

v.

U. S. DEPARTMENT OF JUSTICE,
Defendant.

Civ. A. 78–2218.

United States District Court,
District of Columbia.

Nov. 1, 1979.

Jack B. Solerwitz, Washington, D. C., for plaintiff.

Thomas W. Hussey, Dept. of Justice, Washington, D. C., for defendant.

OPINION

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff John L. Frank brings this action under the Privacy Act and the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 and 552a, to compel disclosure of records within the custody and control of defendant Federal Bureau of Investigation (FBI), and to have "flags" removed from his files. Specifically, plaintiff seeks access to information pertaining to the administrative investigation and disposition of personnel grievances brought by plaintiff and other FBI special agents against the special agent in charge of the Alexandria field office, SAC Kunkel. The matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment and on plaintiff's cross motion for summary judgment.

Defendant has identified 53 documents (consisting of 187 pages of material) as responsive to plaintiff's request for disclosure. Access has been granted in whole or in part to 41 documents. Sixty-six pages or portions thereof remain in dispute. In addition, defendant has reviewed and disclosed, with limited deletions totalling eight pages, seven documents generated subsequent to plaintiff's request.

Based upon a careful review of the affidavit of special agent John F. Cunningham, which itemizes the withheld information and provides a detailed justification for the claimed exemptions, and the attached copies of disclosed documents, the Court finds:

■ 1. All of the information responsive to plaintiff's request is maintained in the FBI's Central Records System designated as "JUSTICE/FBI–002." *See*, 28 C.F.R. § 16.96; Cunningham Affidavit ¶ 15. As such, it is exempt from disclosure pursuant to sections 552a(j) and (k) and 28 C.F.R. § 16.96, if it is investigative material compiled for law enforcement purposes. In view of the fact that the Cunningham affidavit establishes that the records were generated as a result of an official investigation of the special agents' complaints and grievances conducted to determine if any administrative action should be taken, they clearly qualify as investigative records compiled for law enforcement purposes and are exempt from disclosure under the Privacy Act. *See, Koch v. Department of Justice*, 376 F.Supp. 313 (D.D.C.1974); *Linebarger v. Federal Bureau of Investigation*, Civil Action No. C–76–1826 (N.D.Cal., decided August 1, 1977).

■ 2. Notwithstanding the exemption of the requested materials from the disclosure provisions of the Privacy Act, plaintiff may still obtain disclosure if the material may not be withheld under the FOIA exemptions. *See*, 28 C.F.R. § 16.57. A portion of the withheld information contained in all or part of the documents numbered 12, 25–27, 30–32, 42–45, 47–48 and 51, pertains to the special agents' complaints of

mismanagement in such areas as employees' leave, duty assignments and overtime. For this reason, it relates solely to internal personnel rules and practices of the defendant agency. In addition, the investigation and resolution of these specific complaints invites little public interest in disclosure. Thus, the agency's claim that this material is exempt from disclosure under 552(b)(2) is proper. *See, Department of the Air Force v. Rose*, 425 U.S. 352, 362–70, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *Jordan v. U.S. Department of Justice*, 192 U.S.App.D.C. 144, 154, 591 F.2d 753, 763 (D.C.Cir.1978).

■ 3. Deleted information contained in documents numbered 45 and 48–51 is described by affiant Cunningham as, in part, predecisional deliberations of various persons involved in the investigation, including three individuals appointed by former FBI Director Clarence Kelly to review the inspection results and make recommendations for resolution of the matter. The defendant's decision to withhold this material is justified under § 552(b)(5) to protect the deliberative process of the agency and to encourage candid and frank discussion of agency personnel policy. *See, Mead Data Central, Inc. v. U.S. Department of the Air Force*, 184 U.S.App.D.C. 350, 364, 566 F.2d 242, 256 (D.C.Cir.1977).

■ 4. Exemption 6 of the FOIA permits the withholding of personnel and medical files, disclosure of which would constitute an unwarranted invasion of personal privacy. The legislative history of the Act as discussed by the Supreme Court in *Rose*, requires the Court to weigh the need to protect an individual's private affairs from unnecessary public scrutiny against the preservation of the public's right to governmental information. 425 U.S. at 80 n.19, 96 S.Ct. 1592. Part of the undisclosed information from documents 12, 25–27, 30–32, 34, 37–41, 45–46, 48–51, 55 and 57 is contained in employees' personnel files and is described in defendant's affidavit as: (1) statements of third parties concerning SAC Kunkel's management of the Alexandria Field Office, (2) statements by third parties concerning individuals other than SAC Kunkel, (3) the particular administrative action taken by the Bureau in relation to SAC Kunkel, and (4) interviews of certain clerical employees in the course of the administrative investigation. Cunningham Affidavit ¶ 17. On the particular facts of this case, where there are no allegations of dereliction of duty or betrayal of public trust, the public interest in the proper and efficient conduct of its officials will not be advanced by the disclosure of this material, which deeply and directly implicates the personal privacy interests of SAC Kunkel and others. *See, Campbell v. U.S. Civil Service Commission*, 539 F.2d 58 (10th Cir. 1976).

■ 5. Defendants rely on Exemptions 7(C) and (D) to withhold portions of documents 6, 12, 25–27, 30–32, 34, 37–41, 45–46 and 48–51 on the basis that disclosure of this information would constitute an unwarranted invasion of personal privacy or disclose the identity of a confidential source. This reliance is proper in light of the already established fact that the records at issue are investigatory materials compiled for law enforcement purposes; the disclosure of this information would constitute an unwarranted invasion of personal privacy; and the information was provided either under express agreements that the provider's identity would be kept confidential or under circumstances from which such an assurance could be reasonably inferred. *See, Maroscia v. Levi*, 569 F.2d 1000, 1002–3 (7th Cir. 1977); *See, Deering Milliken, Inc. v. Irving*, 548 F.2d 1131, 1137 (4th Cir. 1977).

■ 6. The Court declines to consider plaintiff's request that all "flags" be removed from his files for the reason that plaintiff has failed to exhaust his administrative remedies in relation to this claim. *See, Lacklen v. Hampton*, Civil Action No. 75–0580, (D.D.C., decided December 22, 1976).

Accordingly, defendant's motion for summary judgment is granted and plaintiff's cross-motion for summary judgment is denied.