BERNARD GREENSPAN, D. O., AND EILEEN GREENSPAN, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. STATE OF NEW JERSEY, EDWIN H. STIER, STEWART WARREN, JOSEPH J. PIAZZA, DONALD P. HARTZ, GERALD J. REILLY AND ROBERT WINTER, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued April 29, 1980—Decided June 10, 1980.

Before Judges FRITZ, KOLE and LANE.

*Wayne J. Martorelli*, Deputy Attorney General, argued the cause for appellants (*John J. Degnan*, Attorney General of New Jersey, attorney; *Wayne J. Martorelli*, of counsel and on the brief).

*Karl Asch* argued the cause for respondents (*Karl Asch*, attorney; *Karl Asch* and *Ronald S. Suss* on the brief).

PER CURIAM.

In this action plaintiffs seek damages for wrongs alleged to have been the product of activities of agents of the State in investigating the involvement of Dr. Bernard Greenspan in the Medicaid program. We granted the State's application for leave to appeal from an interlocutory order requiring the State to "turn over to the plaintiffs all relevant data in discovery, copies of the minutes of State Grand Jury proceedings in the investigation of Bernard Greenspan, the file compiled by the State Attorney General's office and the New Jersey Division of Criminal Justice in the matter of Bernard Greenspan, and copies of

certain internal communications from the State Attorney General's office relating to the matter of Bernard Greenspan in accordance with the Notice to take Depositions served by plaintiffs upon the defendants."[1]   Additionally the answers to certain deposition questions were required.  In a thoroughly complete and obviously thoughtful letter opinion the trial judge set forth a number of cogent reasons for his order.  While we are in substantial agreement with much of that which is said there, we are convinced that the trial judge overstated the "need" of plaintiff and was mistaken in his confidence that the material sought could not be obtained from any other source.[2]   It is for these reasons that we reverse.

As the trial judge recognized, incursion into records of the nature of those sought here to be invaded risks the compromise of a vital public interest ordinarily protected by strict confidentiality.  *Nero v. Hyland*, 76 *N.J.* 213 (1978).  In civil litigation at least this step must not be taken except "with caution and only with full appreciation of all the consequences," *Cashen v. Spann*, 66 *N.J.* 541, 557 (1975), *cert.* den. 423 *U.S.* 829, 96 *S.Ct.* 48, 46 L.Ed.2d 46 (1975), and even then only after a judicious and painstakingly careful balancing of all the competing interests detailed in *Cashen*, and applied in *Nero, supra*.

We are satisfied that in the matter before us a significant weight on the pan of this balance belongs to considerations respecting the nature of the need and the availability of the information from other sources.  In our opinion it is in these areas that the trial judge went wide of the mark.

Need is more than desirability or convenience.  Need implies essentiality.  The information sought might well enhance the

---

[1]Excepted was the disclosure of certain information relating to confidential informants and ongoing investigations.

[2]During the perfection of this appeal, we granted the State's motion to supplement the record.  Docket M–2704–79.  Plaintiffs, who had not responded to this motion (see *R.* 2:8–1(a)), thereafter belatedly moved for reconsideration.  Docket M–3504–79.  We reserved decision on that motion.  We now deny the motion for reconsideration.

preparation of plaintiffs' case: without detailed findings the trial judge predicates his determination of "need" upon the fact that "the information sought forms the very basis of the Plaintiff's cause of action." We do not read such a statement to imply that *this* information sought from *this* source is a *sine qua non* to the perfection of plaintiffs' cause of action.

Beyond this it concerns us that need from the standpoint of essentiality—need from the standpoint of desirability is perfectly obvious—has not been buttressed by detailed findings. Rather it seems to ride the coattails of the trial judge's satisfaction of the substantiality of the damages. While that latter consideration is also involved in the weighing process, *Cashen v. Spann, supra*, 66 *N.J.* at 556 and 77 *N.J.* 138, 143 (1978), as the trial judge realized, the presence of damages beyond minimal does not of itself demonstrate a need to invade a confidential public record. *See River Edge S. & L. Ass'n v. Hyland*, 165 *N.J.Super.* 540 (App.Div.1979), certif. den. 81 *N.J.* 58 (1979).

Finally, the sensitive nature of the materials sought dictates that maximum effort must be made to obtain the materials from other sources before plaintiffs be permitted to invade the archives of the State. Any right plaintiffs have results from a concept of fundamental fairness. *Cashen v. Spann, supra*, 66 *N.J.* at 555–557. That concept implies as well fairness to the public with its substantial interest in the confidentiality of the matters here involved and it is that concern which requires plaintiffs first to do what they can to get the information from less intrusive sources. Nor should the burden be on the State to demonstrate that plaintiffs can get the information from another source. It is plaintiffs who must demonstrate that it is reasonably probable that the information cannot be otherwise obtained. *Cf. State v. Boiardo*, 83 *N.J.* 350, at      (1980).

In the matter before us Dr. Greenspan was advised when he was suspended from further participation as a Medicaid provider of his right to request an administrative hearing. To this date he has failed to avail himself of this source of information. Recalling the burden which is his as noted above, we will not now hear him say, as his counsel says in the brief submitted,

that "the only thing that he would have learned at said hearing would be the reasons for his suspension." This plaintiff, by his unilateral sidestepping of this hearing on his way to his demands here, has denied the trial court and us the assurance that this is so. In these circumstances we are convinced that, in any event, plaintiffs have not successfully shouldered the burden that is theirs to prove that the information they seek from confidential records could not be obtained from less intrusive sources.

Reversed.