**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0583-18T3

ANITA KAVANAUGH, as
Administratrix ad Prosequendum
of THE ESTATE OF GEORGE R.
KAVANAUGH, JR., and ANITA
KAVANAUGH, Individually,

     Plaintiff-Appellant,

v.

COUNTY OF SOMERSET,
BOROUGH OF SOMERVILLE,
LINCOLN HOSE FIRE CO #4,
and LINCOLN HOSE COMPANY,

     Defendants,

and

BRUCE VAN ARSDALE,

     Defendant-Respondent.

_____

Submitted May 26, 2020 – Decided May 28, 2020

Before Judges Sabatino, Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1005-16.

Davis, Saperstein, & Salomon, PC, attorneys for appellant (Steven Benvenisti and Michael E. Wachtel, on the briefs).

Cipriani & Werner, PC, attorneys for respondent (Richard C. Bryan, on the brief).

PER CURIAM

On the night of March 6, 2015, retired fire chief George Kavanaugh was run over by a car outside a Somerville firehouse and died. The sole known eyewitness to this hit-and-run accident identified the car as a "gray or white" sport utility vehicle ("SUV"). The eyewitness did not describe the SUV driver. The police recovered no other evidence that night, physical or otherwise, establishing the make, model, year, license plate, specific color, or driver of the SUV. Over five years later, no further competent evidence of identification has apparently come to light, and no arrests have been made.

Under these tragic circumstances, the decedent's widow has pursued her own efforts to identify the driver who caused her husband's death. That, in turn, led to this wrongful death lawsuit. After the case was winnowed down to dismiss other parties, plaintiff maintains defendant Bruce Van Arsdale was driving the SUV.

2

The parties conducted extensive discovery, which entailed at least seventeen depositions, including of Van Arsdale and his wife. As the case proceeded, the trial court denied motions by plaintiff to change venue and conduct an in camera review of the prosecutor's criminal investigation materials. The court also granted defense motions to strike certain requests for admission and to seal the record. Ultimately, the court granted Van Arsdale summary judgment, and this appeal ensued.

On appeal, plaintiff mainly contends she presented sufficient circumstantial proof to defeat the summary judgment motion. As part of that core contention, she maintains Van Arsdale has been inconsistent and untruthful about his whereabouts at the time of the fatal accident. She further argues the court erred in not changing venue, in declining to review the prosecutor's file, in striking her demands for admissions, and in sealing the case. She argues that, in lieu of summary judgment, the court should have done no more than to dismiss her lawsuit without prejudice, enabling the case to be revived if a criminal investigation or other efforts identified Van Arsdale as the responsible driver.

We affirm the trial court's order granting summary judgment. Even viewing the record indulgently in a light most favorable to plaintiff, there is simply insufficient competent evidence of the driver's identity to present a genuine issue of

3

defendant's claimed liability to a jury. We also uphold the judge's other rulings that are challenged on appeal, with the exception of the sealing decision that we have previously vacated by a separate order.

I.

We presume the parties' familiarity with the details of the fatal accident and the associated facts and allegations, which need not be repeated here. In the interests of brevity, we incorporate the trial court's description of that factual and procedural history.

The crux of the dispute is over plaintiff's theory that defendant was the driver of the vehicle that produced this tragedy. Among other things, plaintiff emphasizes that defendant happens to own or have access to a light-colored SUV, that he operates a business located several blocks from the point of impact, and that he had been near the scene of the accident at about the time it occurred. She describes other circumstantial evidence that allegedly supports defendant's culpability.

Defendant has denied under oath that he was the driver of the vehicle that struck decedent. He stresses that no eyewitness has identified him personally as being behind the wheel of the vehicle. He also notes the fatal accident was investigated by law enforcement, and that no charges were ever lodged against him.

  A-0583-18T3

A.

In reviewing whether the court erred in granting defendant's motion for summary judgment, we apply several well-established principles. On such a motion, the court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also R. 4:46-2(c). If there is competent evidence reflecting materially disputed facts, the motion for summary judgment should be denied. Parks v. Rogers, 176 N.J. 491, 502 (2003); Brill, 142 N.J. at 540.

To grant the dispositive motion, the court must find that the evidence in the record "'is so one-sided that one party must prevail as a matter of law.'" Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). Mere speculation by the non-moving party "does not meet the evidential requirements which would allow it to defeat a summary judgment motion." Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005).

5

Our de novo review of an order granting summary judgment must observe the same standards. See IE Test, LLC v. Carroll, 226 N.J. 166, 184 (2016) (citing Brill, 142 N.J. at 540). We likewise review de novo the trial court's rulings on any questions of law. See Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

In granting summary judgment here, the trial court wrote that "the undisputed facts [for purposes of this summary judgment motion] are that [decedent] was hit by a light colored SUV and that there are inconsistencies between witness statements and statements made by Defendant." The opinion detailed numerous alleged factual inconsistencies between Van Arsdale's testimony and that of deposition witnesses and described other allegedly inculpatory evidence presented by plaintiff.

As the trial court correctly noted, "one of the most fundamental facts required to be proven [in an auto negligence case, like the one here] . . . is that Defendant was the driver of the vehicle." On this crucial requirement, the court found there was "not one scintilla of evidence that proves that either the BMW [owned by the Van Arsdales] was the exact car [in the accident] and that

6

Defendant was behind the wheel," and, in fact, there was compelling evidence that neither allegation was true.

It is axiomatic that in order to support a prima facie claim of negligence, a plaintiff must demonstrate that the named defendant actually caused harm to a victim. See, e.g., Komlodi v. Picciano, 217 N.J. 387, 422 (2014) (quoting Conklin v. Hannoch Weisman, P.C., 145 N.J. 395, 417 (1996)) ("In the routine tort case, the law requires proof that the result complained of would not have occurred 'but for' the negligent conduct of the defendant."); see also Restatement (Second) of Torts § 430 (Am. Law. Inst. 1965) ("In order that a negligent actor shall be liable for another's harm, it is necessary not only that the actor's conduct be negligent toward the other, but also that the negligence of the actor be a legal cause of the other's harm.").

As to this critical element of the actor's identity, the undisputed facts offered by the plaintiff on summary judgment can be summarized as follows: decedent was struck and killed by a vehicle described as a light-colored SUV; defendant's wife apparently owned a light-colored SUV and he could have had access to it; defendant was near the scene of the accident on the night in question; and defendant has made several statements about his whereabouts and

actions on the night that were internally inconsistent or at odds with those of other witnesses.

Even analyzing the record in a light most favorable to plaintiff, she has not produced competent evidence that sufficiently identifies the vehicle that struck and killed her husband, or that reasonably establishes defendant was the vehicle's driver. We agree with the trial court that based on the record presented, her claim of defendant's culpability is speculative.

We recognize, as did the trial court, that it is undisputed that defendant was in the vicinity of the accident after it had already occurred. Even so, an inference that defendant could have been at the accident scene before it took place does not create a material factual issue to survive summary judgment.

As we have already noted, no witness has testified that he or she saw defendant when the accident happened. The testimony of at least two witnesses largely supports defendant's sworn testimony that he left work some time close to 9:30 p.m. and arrived at a restaurant next to the scene of the accident after it had already occurred.

Plaintiff claims that defendant admitted to her and two other persons that he had witnessed the accident and that he saw another individual driving the

vehicle, but that he later recanted those statements. The trial court reasonably did not treat this claim, even if it were assumed to be true, as a sufficient basis to withhold summary judgment. None of the alleged statements, whether they be true or false, establish defendant was the culpable motorist.

Plaintiff further asserts defendant lied about not owning a light-colored SUV, and that his testimony was refuted by his wife's statement that she owned such a vehicle. However, the wife testified that the SUV belonged to her daughter, that her husband never drove it, that she and her husband were separated and living apart at the time, and that her daughter was driving the SUV on the night of the accident. Further, no competent evidence establishes that the particular SUV owned within defendant's family was the same vehicle that struck decedent. Nor does this establish that defendant had been driving the SUV at the accident location. Indeed, multiple witnesses testified that defendant regularly drove a sedan convertible, and that they could not remember him ever driving an SUV.

The trial court did not misapply its discretion in declining to rely upon a hearsay statement allegedly made to plaintiff by a member of the community, who she claims recounted that defendant had confessed to him as being the

9

culpable driver. Evidentiary decisions on a summary judgment motion are subject to an abuse of discretion review standard. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 374 (2010). A hearsay statement that includes another embedded hearsay statement is only admissible if both statements independently meet an exception. N.J.R.E. 805.

Plaintiff argues the community member's alleged revelation to her must be deemed admissible as a hearsay statement against his social interest under N.J.R.E. 803(c)(25). We are unpersuaded this hearsay exception applies. It would not have been manifestly against the declarant's social interest to reveal information that could lead to the apprehension of the person who killed the town's beloved retired fire chief.

In any event, even if this unsworn double-hearsay passed muster under N.J.R.E. 803(c)(25), its probative value is simply too attenuated to repel summary judgment. Notably, despite the asserted importance of this evidence, plaintiff produced no supporting certification from the hearsay declarant in compliance with Rule 1:6-6. The trial court had the prerogative to disregard it.

We have duly considered the remaining arguments of plaintiff relating to summary judgment, including her perception that defendant's gestures and

demeanor during his videotaped deposition are indicative of his culpability, and conclude they are without merit.

Based on the record as it was developed, the trial court soundly concluded that plaintiff failed to marshal adequate competent evidence that could reasonably establish defendant was the driver of the vehicle that struck and killed her spouse. We surely understand why this result is disappointing to plaintiff. Yet she bears the burden of proof in this tragic case, and she cannot proceed to a jury trial based upon speculation and innuendo. Merchs. Express Money Order Co., 374 N.J. Super. at 563.

II.

We only need to say a few words about plaintiff's other arguments unrelated to the summary judgment ruling. We address them in turn.

The trial court did not misapply its broad discretion over discovery matters in its handling of defendant's responses to plaintiff's requests for admission. Torres v. Pabon, 225 N.J. 167, 184-85 (2016).

Venue was properly lain in the vicinage where the accident occurred pursuant to Rule 4:3-2. Despite the asserted notoriety of the fatality and local prominence of the parties, the court did not misapply its discretion in declining

11

to transfer the case elsewhere under <u>Rule</u> 4:3-3.  <u>In re Estate of Roccamonte</u>, 324 N.J. Super. 357, 366 (App. Div. 1999).  Had plaintiff presented an adequate objective basis to overcome summary judgment, there is no reason to presume a fair and impartial trial could not occur in the county of origin.  <u>R</u>. 4:3-3(a).

The court also did not commit reversible error in denying plaintiff's motion, over the prosecutor's objection, to conduct an in camera review of the criminal investigatory files.  <u>River Edge Sav. & Loan Ass'n v. Hyland</u>, 165 N.J. Super. 540, 544 (App. Div. 1979).  Also, it does not appear that plaintiff brought an action to compel production under the Open Public Records Act, N.J.S.A. 47:1A-6, which would have been subject to the applicable statutory exceptions.

The court was not obligated to dismiss this civil case without prejudice based upon plaintiff's hope that the criminal or investigatory process might at a future time reveal facts supportive of her theory.  <u>Shulas v. Estabrook</u>, 385 N.J. Super. 91, 98 (App. Div. 2006) (illustrating concerns about voluntary dismissals that open the door to renewed litigation at a later time).  The court did not abuse its discretion in declining the request.

A-0583-18T3

Lastly, by separate administrative order, we have already vacated as improvident the trial court's sealing of the case under <u>Rule</u> 1:38. Defendant has not sought review of that order and the matter is now unsealed.

To the extent that we have not discussed them expressly, the remaining points raised on appeal do not warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0583-18T3